UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSEPH MAYA-GAMBINO,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO, JUNTA DE LIBERTAD BAJO PALABRA ("PAROLE BOARD"); MARIA MELENDEZ-RIVERA; EDWIN ZAYAS-FIGUEROA; LYZZETTE TAÑON-MELENDEZ; and ALBA T. REYES-BERMUDEZ,

    Defendants.

Civil No. 09-1117 (JAF)

**OPINION AND ORDER**

Plaintiff, Joseph Maya-Gambino, brings this action under 42 U.S.C. § 1983 against Defendants, the Commonwealth of Puerto Rico ("Puerto Rico"); the Junta de Libertad Bajo Palabra ("Parole Board"); María Meléndez-Rivera; Edwin Zayas-Figueroa; Lyzzette Tañon-Meléndez; and Alba T. Reyes-Bermúdez, alleging a violation of the Due Process Clause. (Docket No. 25.) Puerto Rico and the Parole Board ("Movants") move to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), on the grounds of sovereign immunity, mootness, and failure to exhaust administrative remedies. (Docket No. 16.) Plaintiff replies. (Docket No. 26.)

Civil No. 09-1117 (JAF)                                                                                              -2-

## I.

## **Factual and Procedural Summary**

We derive the following summary, unless otherwise noted, from Plaintiff's complaint. (Docket No. 25.)

Plaintiff is currently serving a fifty-four-year sentence in Puerto Rico's prison system for violation of the Domestic Abuse Prevention and Intervention Act, 8 L.P.R.A. §§ 601–664 (2006). On September 15, 2008, Plaintiff sent a letter to Meléndez-Rivera, acting chair of the Parole Board, informing her that, as of August 2008, he had served the minimum of his sentence necessary to be considered for parole under 4 L.P.R.A. § 1503 (2002). In this letter, Plaintiff asserted that he was entitled by law to a parole hearing. Plaintiff sent two more letters to Meléndez-Rivera over the next two months without response. Plaintiff then filed a "Request for Initial Hearing" with the Parole Board. Plaintiff argued that he was entitled to a parole hearing within forty-five days of his completing the minimum sentence.

Having received no response to his requests, Plaintiff filed his § 1983 claim with this court on February 5, 2009, alleging that the Parole Board's failure to hold his hearing was a violation of his due process rights under the U.S. Constitution. (Docket No. 25.) Plaintiff seeks an award of $50,000 in damages and an injunction ordering his immediate release. (Id.) Puerto Rico and the Parole Board move to dismiss, arguing (1) the Eleventh Amendment grants them immunity from suit; (2) the grant of a hearing has mooted Plaintiff's case; and (3) Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act

Civil No. 09-1117 (JAF)                                                                                              -3-

("PLRA"), 42 U.S.C. § 1997e(a).  (Docket No. 16.)  The Parole Board held a hearing for Plaintiff on March 4, 2009.  (Docket No. 26.)

## II.

## Rule 12(b)(1) Dismissal

Movants err in bringing the sovereign immunity and mootness portions of their motion under Federal Rule of Civil Procedure 12(b)(6).  The defense of sovereign immunity is a claim that a court lacks the subject-matter jurisdiction to hear a case — a claim that must be brought under Rule 12(b)(1).  See Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Under Federal Rule of Civil Procedure 12(b)(1), a movant may bring either a "factual challenge" or a "sufficiency challenge" to a court's subject-matter jurisdiction. Valentín, 254 F.3d at 362-63.  A movant may raise a factual challenge by contradicting the "jurisdictional facts" that a plaintiff alleges.  Id.  Under a sufficiency challenge, the court takes the plaintiff's "jurisdictionally-significant facts as true," draws "all reasonable inferences from them in [the plaintiff's] favor," and then "assess[es] whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id.

Because Plaintiff is pro se, we construe the complaint more favorably than we would pleadings drafted by an attorney. Ayala Serrano v. Lebrón González, 909 F.2d 8, 15 (1st Cir. 1990).

Civil No. 09-1117 (JAF)                                                                                              -4-

## III.

## Analysis

Movants assert that they are immune from suit under the Eleventh Amendment. (Docket No. 16.)  Plaintiff argues that Movants cannot avail themselves of sovereign immunity because Puerto Rico has waived immunity through the adoption of 32 L.P.R.A. §§ 3077–3092a (2004). (Docket No. 26.)  As this is a sufficiency challenge to subject-matter jurisdiction, we take all Plaintiff's facts as true and make all reasonable inferences in his favor.  See Valentín, 254 F.3d at 363.

### A.  Puerto Rico's Waiver of Sovereign Immunity

The text of the Eleventh Amendment immunizes states from federal lawsuits by citizens of foreign states.  U.S. Const. amend. XI.  The Supreme Court has held that principles of sovereign dignity, inherent in the Constitution itself, extend states' immunity beyond the textual boundaries of the Eleventh Amendment to include immunity from suits by a state's own citizens.  Alden v. Maine, 527 U.S. 706, 727-29 (1999).  It has long been settled that Puerto Rico is considered a state for purposes of Eleventh Amendment analysis.  Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006).

A state can waive its immunity in three ways: (1) clearly submitting itself to a federal court's jurisdiction; (2) consenting to or participating in a federal program that expressly conditions such consent or participation on a waiver of immunity; and (3) engaging in "affirmative conduct in litigation."  Id. at 45. The limited waiver of immunity in 32 L.P.R.A.

Civil No. 09-1117 (JAF)                                                                                                          -5-

§ 3077, which Plaintiff relies upon, is not a waiver of Eleventh Amendment immunity in this court. Id. at 34 ("Law 104, P.R. Laws Ann. tit. 32, § 3077, which abrogates the Commonwealth's immunity with respect to negligence suits filed against the Commonwealth in Puerto Rico's Court of the First Instance, does not extend that waiver to suits filed in federal court."). Puerto Rico is, therefore, immune from suit and Plaintiff's claims against it cannot stand.

**B.      Parole Board as "Arm of the State"**

Eleventh-Amendment immunity applies not only to states but also to entities that are "arms of a state." Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993). The First Circuit has set forth a two-step test to determine whether an entity claiming to be an arm of the state qualifies for sovereign immunity. See Pastrana-Torres v. Corporación de P.R. para la Difusión Pública, 460 F.3d 124, 126 (1st Cir. 2006). The first step asks whether the state has structured the entity to share in its Eleventh-Amendment immunity. Id. This step entails a fact-specific balancing test that examines, among other factors, the degree of statutory control asserted by the state over the entity; the characterization of the entity by its enabling legislation; whether the entity performs state functions, as opposed to local or non-governmental functions; and whether the state bears legal liability for the entity's debts. Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 68-72 (1st Cir. 2003) (citing Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 44-46 (1994)). If these indicia conclusively demonstrate that the state has structured the entity

Civil No. 09-1117 (JAF)                                                                                          -6-

to share in its immunity, then the Eleventh Amendment applies. Id. If the indicia are inconclusive, the second step considers whether damages will be paid from the state's treasury if the entity is found liable; if so, the entity is entitled to immunity. Id. The burden of proving Eleventh-Amendment immunity rests with the entity asserting that it is an arm of the state. See Pastrana-Torres, 460 F.3d at 126 (citing Wojick v. Mass. State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002)).

Movants state the general proposition that "alter egos" of the state are accorded Eleventh Amendment immunity, and proceed to cite a string of cases granting sovereign immunity to various entities other than the Puerto Rico Parole Board. (Docket No. 16 at 5.) They conclude that the Parole Board, "as an instrumentality of the state[,] is also shielded against money damages claims by the 11th Amendment immunity." (Docket No. 16 at 5.) Standing alone, this would not satisfy the Parole Board's burden to prove its immunity.[1] Federal courts, however, have a duty to take judicial notice of state statutes "without plea or proof." Getty Petroleum Mktg., Inc. v. Capital Terminal Co., 391 F.3d 312, 320 (1st Cir. 2004). Therefore, we proceed to a Pastrana-Torres analysis of the pertinent Puerto Rico statutes, asking whether Puerto Rico structured the Parole Board so as to share in its sovereign immunity.

The Parole Board comprises six members appointed by the governor of Puerto Rico with the advice and consent of the Puerto Rico Senate. 4 L.P.R.A. § 1501. Parole Board members

---

[1] In the future, counsel should be aware that the phrase "arm of the state," alone, is not the "open sesame" to the cave of sovereign immunity. See Ali Baba and the Forty Thieves, in 10 The Book of the Thousand Nights and a Night 209 (Sir R.F. Burton, trans. & Leonard C. Smithers, ed., 1894). Magic words are not a substitute for genuine legal analysis.

Civil No. 09-1117 (JAF) -7-

serve for set terms, but the governor may remove them from service at any time. § 1502. The Parole Board is required to issue an annual report to the governor and legislature. § 1503(h); see also Pastrana-Torres, 460 F.3d at 127 (noting that mandatory report to governor is an indicator of state control over public broadcasting corporation). While the Parole Board is empowered to issue administrative rules, all such rules must be approved by the governor. § 1503(g). The language of § 1501 specifies that the Parole Board is "attached to the Department of Corrections and Rehabilitation." See also 3 L.P.R.A. App. VI (2006) (consolidating several formerly "autonomous" bodies, including the Parole Board, under a single department of the executive branch, the Department of Corrections and Rehabilitation). The Department of Corrections and Rehabilitation has previously been held to be an arm of Puerto Rico. See Jusino-Mercado v. Puerto Rico, 101 F. Supp. 2d 57, 59 (D.P.R. 1999) (citing Wilson v. Brown, 889 F.3d 1195, 1197 (1st Cir. 1989) ("[A] penal system is an essential appendage of the state corpus . . . .")), aff'd 214 F.3d 34 (1st Cir. 2000). The work of the Parole Board, approving the conditioned release of prisoners from Puerto Rico's prisons, is a state function in which neither municipal governments nor non-governmental organizations have an interest.

In the final inquiry of the balancing test, we determine who bears liability for the Parole Board's debts. The Parole Board's enabling statute does not explicitly state whether Puerto Rico will be legally responsible to pay the Parole Board's debts. We may infer such a responsibility where Puerto Rico "bind[s] itself to provide virtually all of the funds that [an

Civil No. 09-1117 (JAF) -8-

entity] needs to operate." Pastrana-Torres, 460 F.3d at 128. While the Parole Board may receive donations for rehabilitation programs, see 4 L.P.R.A. § 1503(i), all other functions are presumably funded by Puerto Rico. See, e.g., H.R.J. Res. 48, 16th Legis. Assemb., 1st Reg. Sess. (P.R. 2009) (appropriating $1,433,000 to the Parole Board for fiscal year 2009-2010).

The balance of the above factors tips, overwhelmingly, in favor of the Parole Board being an "arm of the state" structured to share in Puerto Rico's sovereign immunity. Consequently, we lack jurisdiction to hear Plaintiff's claims against the Parole Board. We need not address Movants' arguments for mootness or failure to exhaust administrative remedies.

## IV.

## Conclusion

We hereby **GRANT** Movants' joint motion to dismiss (Docket No. 16). We **DISMISS WITH PREJUDICE** the complaint as to Puerto Rico and the Parole Board. Plaintiff's claims against Meléndez-Rivera, Zayas-Figueroa, Tañon-Meléndez, and Reyes-Bermúdez remain.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of March, 2010.

                                      s/José Antonio Fusté
                                      JOSE ANTONIO FUSTE
                                      Chief U.S. District Judge