UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSEPH MAYA-GAMBINO,<br><br>Plaintiff,<br><br>v.<br><br>MARIA MELENDEZ-RIVERA; EDWIN ZAYAS-FIGUEROA; LYZZETTE TAÑON-MELENDEZ; and ALBA T. REYES-BERMUDEZ,<br><br>Defendants. | Civil No. 09-1117 (JAF) |

**OPINION AND ORDER**

Plaintiff, Joseph Maya-Gambino, brings this action under 42 U.S.C. § 1983 against Defendants, María Meléndez-Rivera, Edwin Zayas-Figueroa, Lyzzette Tañón-Meléndez, and Alba T. Reyes-Bermúdez in their personal capacities and as members of the Junta de Libertad Bajo Palabra ("Parole Board") alleging a violation of the Due Process Clause. (Docket No. 25.) Defendants move for summary judgment on the grounds of sovereign immunity, judicial immunity, and mootness. (Docket No. 60.)

I.

**Factual and Procedural Summary**

Plaintiff is currently serving a fifty-four-year sentence in Puerto Rico's prison system for violation of the Domestic Abuse Prevention and Intervention Act, 8 L.P.R.A. §§ 601–664 (2006). On September 15, 2008, Plaintiff sent a letter to Meléndez-Rivera, acting chair of the

Civil No. 09-1117 (JAF)                                                                                                             -2-

Parole Board, informing her that, as of August 2008, he had served the minimum of his sentence necessary to be considered for parole under 4 L.P.R.A. § 1503 (2002). (Docket No. 25-2 at 1.) In this letter, Plaintiff asserted that he was entitled by law to a parole hearing. (Id.) Plaintiff sent two more letters to Meléndez-Rivera over the next two months without response. (Id. at 2–4.) Plaintiff then filed a "Request for Initial Hearing" with the Parole Board. (Id. at 5–8.) Plaintiff argued that he was entitled, under the Parole Board's own regulations, to a parole hearing within forty-five days of completing his minimum sentence. (Id.)

Having received no response to his requests, Plaintiff filed his § 1983 claim with this court on February 5, 2009, alleging that the Parole Board's failure to hold his hearing was a violation of his due process rights under the U.S. Constitution. (Docket No. 25.) Plaintiff seeks an award of $50,000 in damages and an injunction ordering his immediate release. (Id.) In a previous order, we dismissed Plaintiff's claims against the Commonwealth of Puerto Rico and the Parole Board. (Docket No. 34.)

The Parole Board subsequently held a hearing for Plaintiff on March 4, 2009, and later issued an order denying parole and scheduling the next parole hearing for March 2010. (Docket No. 64-1.) Defendant petitioned the Parole Board for reconsideration (Docket No. 64-2) and was denied (Docket No. 64-3). Defendants failed to answer Plaintiff's complaint, and, on April 7, 2010, the Clerk of Court entered default against Defendants under Federal Rule of Civil Procedure 55(a). (Docket No. 40.) On September 29, 2010, we granted Defendants' motion

Civil No. 09-1117 (JAF)                                                                                                  -3-

to set aside default. (Docket No. 54.) Defendants subsequently filed an answer to the complaint (Docket No. 56) and the instant summary-judgment motion (Docket No. 60).

## II.

### Rule 56 Summary Judgment

Because Plaintiff is pro se, we construe the complaint more favorably than we would pleadings drafted by an attorney. Ayala Serrano v. Lebrón González, 909 F.2d 8, 15 (1st Cir. 1990).

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)). The nonmovant "may not rely merely on

Civil No. 09-1117 (JAF)                                                                                           -4-

allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.

### Analysis

Plaintiff seeks both injunctive relief and damages for the alleged violations of his rights to due process. For the reasons discussed below, we find that neither form of relief is warranted.

**A.     Injunctive Relief**

In his complaint, Plaintiff requests an injunction ordering his immediate release from prison as a remedy for alleged due-process violations by the Defendants. (Docket No. 25 at 2.) It is settled law that an inmate may not challenge the validity or duration of his confinement through a suit under § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 78–82 (2005). When seeking release from confinement, state prisoners may not use § 1983 as an end-run around 28 U.S.C. § 2254 or its state-law equivalent. See id. at 81. Plaintiff's request for immediate release from prison necessarily fails.

To the extent the Plaintiff seeks an injunction ordering the initial hearing, this claim is moot. It is undisputed that the Parole Board held Plaintiff's initial hearing on March 4, 2009.

**B.     Damages Relief**

Plaintiff does not specify whether his claim for $50,000 in damages is against the Defendants in their personal or official capacities. Regardless, § 1983 is not a cause of action

Civil No. 09-1117 (JAF)                                                                                                           -5-

for damages against a state official acting in her official capacity.  See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a claim for damages against a state official in his official capacity is a suit against the state itself and, thus, barred by sovereign immunity)).

   Defendants assert that they are immune from damages claims brought against them in their personal capacities, citing Johnson v. R.I. Parole Bd. Members, 815 F.2d 5 (1st Cir. 1987). In Johnson, the First Circuit held that, because of their quasi-judicial role, members of the Rhode Island Parole Board were entitled to absolute immunity from suit for all actions taken within the scope of their official duties.  See 815 F.2d at 6–8.  The First Circuit joined the Ninth Circuit in qualifying that absolute immunity would be granted only for actions within the scope of a parole board member's official duties, "i.e., in processing parole applications and deciding whether to grant, deny, or revoke parole."  Id. at 6.  It is clear from the record that the Defendants perform the same quasi-judicial functions of processing and deciding parole applications as performed by the Rhode Island Parole Board members in  Johnson. Furthermore, Plaintiff makes no argument that the alleged delay in holding his initial hearing was attributable to an action outside the scope of Defendants' duties.  We find that Defendants' quasi-judicial role confers absolute immunity upon them for their actions in this case.  Having decided the that Defendants are immune from suit, we need not reach the merits of Plaintiff's claim of a due-process violation.

Civil No. 09-1117 (JAF) -6-

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** Defendants' summary-judgment motion (Docket No. 60). We **DISMISS WITH PREJUDICE** Plaintiffs' complaint against all remaining defendants.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of November, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge